## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **BRYAN DALE LANGHAM,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:24-CV-00148-MTT-CHW** |
| | : | |
| **DR. CYNTHIA HUNT,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## <u>ORDER</u>

Presently pending before the Court is a *pro se* Complaint filed by Plaintiff Bryan Dale Langham, an inmate in the Macon State Prison in Oglethorpe, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* in this action (ECF No. 2) and a motion for appointed counsel (ECF No. 4). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED,** and Plaintiff's claims that Defendant Hunt has been deliberately indifferent to Plaintiff's serious medical needs shall proceed for further factual development. Plaintiff's motion for appointed counsel is **DENIED** at this time.

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. His application to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration.   It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's

custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTION FOR APPOINTED COUNSEL

Plaintiff has also filed a motion seeking appointed counsel (ECF No. 4). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional

circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court."   *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel (ECF No. 4) is **DENIED**.   Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I.    Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

employee.  *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts

5

"to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his treatment at the Macon State Prison beginning on January 30, 2024, and continuing to the present day. Compl. 5, ECF No. 1. According to the Complaint, Plaintiff suffers from chronic pain in his spine and joints and has multiple torn ligaments in his right ankle. *Id.* Plaintiff contends he "require[s] specific medication called indomethacin 150 mg" that was apparently prescribed to him by a physician to treat his chronic pain, and he also requires a "3 meals x 7 days and HS snack" profile "to combat the random stomach cramps which could hit at any time." *Id.* Plaintiff states that his cramps are so severe he has to "go[] to the hospital/ER where they just give [him] a couple of cookies and send [him] back to the prison[.]" *Id.* Plaintiff alleges that "medical has ignored all of [his] requests to be seen, but one, and [he has] not been seen since." *Id.*

6

Plaintiff names Dr. Cynthia Hunt, a physician in the "medical unit" at the prison, as the only Defendant in this action, and he seeks injunctive relief and monetary damages as a result of the alleged constitutional violations he describes.  *Id.* at 6.

Plaintiff's allegations give rise to a claim that Defendant Hunt was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.  *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).   To show that a state actor was deliberately indifferent to his serious medical needs, "a plaintiff must satisfy both an objective and a subjective inquiry."  *Id.*   A plaintiff must first "set forth evidence of an objectively serious medical need*"* and then prove that the defendant "acted with an attitude of 'deliberate indifference' to that serious medical need."  *Id.*   In other words, the defendant must both "know of and then disregard an excessive risk to the prisoner."  *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).   For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).   A serious medical need can also arise if "a delay in treating the need worsens the condition."  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009).   "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'"  *Id.* (quoting *Farrow*, 320 F.3d at 1243).

While Plaintiff's allegations concerning his claims are sparse, they suggest that Plaintiff had been prescribed medication that he was not receiving.   Compl. 5, ECF No. 1.

7

They also suggest Plaintiff had a stomach condition serious enough to require multiple visits to the hospital that could be remedied by providing him a profile for extra meals. *Id.* Plaintiff also suggests that Defendant Hunt did not provide Plaintiff with either the medication or the profile despite multiple requests from Plaintiff. *See, e.g., id.* (stating that "Medical" ignored all of Plaintiff's requests to be seen but one); *see also id.* at 6 (stating that Defendant Hunt is the only witness to the alleged constitutional violations). At this early stage, these claims are sufficient to permit Plaintiff's claims to proceed for further factual development.

### III.     Conclusion

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED,** and Plaintiff's claims that Defendant Hunt was deliberately indifferent to Plaintiff's serious medical needs shall proceed for further factual development.   Plaintiff's motion for appointed counsel (ECF No. 4) is **DENIED** at this time.

### ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Hunt, it is accordingly **ORDERED** that service be made on that Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendant is similarly advised that he or she is expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence

filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.   This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or

that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 25th day of June, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

11